UNITED STATES of America

v.

Frank VELASCO, et al., Defendants.

No. 95 Cr. 84 (PKL).

United States District Court,
S.D. New York.

March 17, 1995.

Cary A. Bricker, Legal Aid, Mitchell A. Golub, New York City, for defendants.

Michael E. Gertzman, Asst. U.S. Atty., Mary Jo White, U.S. Atty., Crim. Div., New York City, for the U.S.

### MEMORANDUM ORDER

LEISURE, District Judge:

Defendant Frank Velasco ("Velasco") has moved to dissolve a stay of an order admitting him to bail. For the reasons stated below, Velasco's motion is denied.

Velasco was indicted on January 31, 1995, by a Grand Jury sitting in the Southern District of New York, for his alleged involvement in a large-scale heroin smuggling operation. A Magistrate Judge in the Southern District of New York issued a warrant for Velasco's arrest, which was executed in Miami, Florida on February 2, 1995. Velasco is now in federal custody in the Southern District of Florida, where he has sought and obtained some four stays of his removal hearing.

Although Velasco is currently in custody, a Magistrate Judge in the Southern District of Florida has ordered that Velasco be admitted to bail. Pursuant to 18 U.S.C. § 3145(a), however, the Government moved before the Hon. Charles S. Haight, Jr., United States District Judge of this District (who was then presiding in Part I), to revoke Velasco's bail order. Judge Haight stayed Velasco's bail order pending resolution of the Government's motion for revocation. Velasco appealed Judge Haight's stay to the Court of Appeals for the Second Circuit. The Second Circuit upheld the stay.

Meanwhile, pursuant to a local rule in the Southern District of Florida, the Government's filing of a notice that it had moved to revoke the bail order triggered an automatic stay of the bail order. Velasco moved before the Hon. Donald L. Graham, United States District Judge for the Southern District of Florida, to dissolve this automatic stay. Judge Graham granted Velasco's motion. In so doing, however, Judge Graham also purported to "affirm" the bail order.

Against this backdrop, Velasco moved before me, as the Court to whom Velasco's case had been assigned for all purposes, to dissolve the stay entered by Judge Haight and affirmed by the Second Circuit, on the ground that Judge Graham's purported "affirmance" of the bail order rendered moot the Government's motion in this District for revocation of the bail order.

Section 3145(a) provides:

(a) Review of release order—If a person is ordered released by a magistrate, or by a person other than *a judge of a court having original jurisdiction over the offense* and other than a Federal appellate court—

(1) the attorney for the Government may file, with *the court having original jurisdiction over the offense,* a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with *the court having original jurisdiction over the of-*

*fense,* a motion for amendment of the conditions of release.

The motion shall be determined promptly. 18 U.S.C. § 3145(a) (emphasis added). Velasco argues, in substance, that, once Judge Graham purported to "affirm" the bail order, "a judge of *a* court having original jurisdiction over the offense," § 3145(a) (emphasis added), had ordered that Velasco be released, so that § 3145(a)(1) and (2) became inapplicable and the Government's motion in this Court to revoke the bail order became moot. The Government responds, in substance, that, once the Magistrate Judge in the Southern District of Florida ordered that Velasco be released, only *"the* court having original jurisdiction over the offense," § 3145(a)(1), (2)—this Court, in which the indictment underlying Velasco's current arrest was filed—had jurisdiction under § 3145(a) to hear a motion for revocation or amendment of the bail order. Judge Graham's purported "affirmance" of the bail order does not operate to require Velasco's release from custody, in the Government's view, and the Government's motion in this District to revoke the bail order is not moot.

In this Court's view, the narrow issue before it is whether, after a party has moved pursuant to § 3145(a)(1) or (2), in the district of prosecution, to revoke or amend a release order, and a district judge in the district of prosecution has properly stayed the release order, a district judge in the district of arrest may effectuate the defendant's release on bail and deprive the district judge before whom the prosecution of the case is pending of the power to adjudicate the motion before it to revoke or amend the release order.

"It does not appear that [in drafting the release-order-review provision of the Bail Reform Act of 1984] Congress gave any consideration to the problems that multi-district proceedings would generate. The [Senate Report prepared in connection with the statute] seems only to contemplate proceedings within a single district." *United States v. Dominguez,* 783 F.2d 702, 704 n. 3 (7th Cir. 1986) (discussing S.Rep. No. 225, 98th Cong. 1st Sess. at 21–22, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3204–3205). Nevertheless, the conclusion that a district judge in the district of arrest may not effectuate the defendant's release on bail and deprive the district of prosecution of the power to hear a revocation motion, under the circumstances of this case, necessarily follows from a principal "purpose behind the availability of pretrial detention ... that courts have available to them the powers necessary to assure the appearances and behavior of defendants throughout *their* proceedings...." *Dominguez,* 783 F.2d at 705 (emphasis added). Moreover, "the most informed decisions [concerning the appropriateness of release or detention in a given defendant's case] will almost always be made *in the charging district* by prosecutors that have supervised the investigations and *by courts that will supervise the remaining proceedings." Id.* (emphasis added). This is because "the evidence [or awareness of evidence] necessary to support a finding of dangerousness and risk of flight sufficient to justify detention will normally be located primarily in the district of prosecution." *United States v. Melendez–Carrion,* 790 F.2d 984, 990 (2d Cir.1986).

Alternatively, in light of the Second Circuit's affirmance of Judge Haight's order staying Velasco's release order and the absence of any intervening change of circumstance sufficient to warrant reconsideration of Judge Haight's order, this Court declines to dissolve Judge Haight's order. *See U.S. v. Minicone,* 26 F.3d 297, 300 (2d Cir.1994).

The Court therefore concludes that Judge Graham's purported "affirmance" of Velasco's bail order does not operate to require Velasco's release from custody in the Southern District of Florida; does not render moot the Government's motion in this District to revoke the bail order; and provides no basis upon which to dissolve the stay of Velasco's bail order that is in place pursuant to Judge Haight's order. *See United States v. Acheson,* 672 F.Supp. 577, 580 (D.N.H.1987) (district judge in district of arrest does not have power to set aside *ex parte* order issued by district judge in district of prosecution staying order issued by magistrate judge in district of arrest admitting defendant to bail).

## CONCLUSION

Velasco's motion to dissolve this Court's stay of his bail order is HEREBY DENIED pending a prompt hearing before this Court on the Government's motion to revoke the bail order. Consistent with the foregoing, it is HEREBY ORDERED that: (1) upon the entry of an Order of removal in the Southern District of Florida, the United States Marshal Service shall remove Frank Velasco to this District within three days; and (2) the hearing on the Government's appeal of the bail order shall be held in this Court promptly after Velasco's arrival in this District or promptly upon Velasco's waiver of his presence at such a hearing, whichever is sooner.

**SO ORDERED.**