UNITED STATES of America,
Appellee,

v.

**Mohy Mohamed EL–EDWY, aka Mohy Eldin Ahmed, aka Mohyeldin M. Euclawy, and aka Mohyeldin M. Eudawy, Defendant–Appellant.**

**Docket No. 01–1218.**

United States Court of Appeals,
Second Circuit.

Argued May 21, 2001.
Decided Nov. 21, 2001.

150

Yuanchung Lee, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Lisa A. Baroni, Assistant United States Attorney, for Mary Jo White, United States Attorney, Southern District of New York, New York, NY, for Appellee.

Before LEVAL and PARKER, Circuit Judges, and KEENAN, District Judge.*

PER CURIAM.

This appeal considers the power of a district court in the district where a prosecution is pending to enter orders affecting the release or detention of a defendant held in another district to answer the charges.

Defendant-appellant Mohy Mohamed El–Edwy was arrested on April 3, 2001, in the Southern District of New York, for making false statements to officers of the United States Immigration and Naturalization Service ("INS"), in connection with his application for United States citizenship, in violation of 18 U.S.C. § 1001. United States Magistrate Judge Fox of the Southern District of New York ordered El–Edwy released on a $50,000 personal recognizance bond, secured by $500 cash and co-signed by two financially responsible persons, on the condition that he surrender all travel documents, not seek or obtain replacement travel documents, remain within the Eastern and Southern Districts of New York, and submit to regular pre-trial supervision.

While El–Edwy was still in custody, the government learned that a warrant for his

* The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

arrest issued by the United States District Court for the Eastern District of North Carolina had been outstanding for two years, based on a pending indictment charging El–Edwy with mail fraud and mail fraud conspiracy, 18 U.S.C. §§ 1341 and 371. The government caused El–Edwy to be arraigned again before Magistrate Judge Fox on the North Carolina warrant. Pursuant to Fed.R.Crim.P. 40, El–Edwy consented to his removal to North Carolina to answer the charges pending there, but requested an order of conditional release so that he would be free to travel to North Carolina to answer the indictment. The government asked that El–Edwy be held in detention and removed in custody. Magistrate Judge Fox ordered El–Edwy released on a $250,000 personal recognizance bond, secured by $25,000 cash and signed by four financially responsible persons, on the conditions that he surrender all travel documents, refrain from obtaining replacement travel documents, and limit his travel to the Eastern and Southern Districts of New York and those states through which he would have to travel to attend court proceedings in North Carolina, and that he submit to pre-trial supervision. The Magistrate Judge then stayed the release order until 5:00 p.m. so that the Government could seek review in the United States District Court in the Eastern District of North Carolina.

At about 4:45 p.m., the United States Attorney for the Eastern District of North Carolina applied to the district court in that district for "Revocation of New York Magistrate Judge's Order of Release Under Title 18, U.S.C. § 3145(a)(1)". Senior District Judge Earl Britt of the Eastern District of North Carolina granted the motion and revoked Magistrate Judge Fox's release order, effectively requiring that El–Edwy be removed to North Carolina in detention.

El–Edwy then applied to the United States District Court for the Southern District of New York (Ward, *J.*) to nullify the North Carolina order, contending that the North Carolina court lacked the power to overturn a release order imposed by a Magistrate Judge in the Southern District of New York. After hearing oral argument, Judge Ward ruled that he was required to defer to the order of the North Carolina Court and thus denied the motion. El–Edwy then brought this appeal, seeking to restore the magistrate judge's order of release, contending again that the district court in North Carolina was without jurisdiction to review Magistrate Judge Fox's release order We affirmed from the bench, with opinion to follow. This is that opinion.

## Discussion

El–Edwy contends that the District Court in North Carolina was without authority to set aside an order of release issued by a magistrate judge in the Southern District of New York. He argues that the power of review of such an order lies only in the District Court for the Southern District of New York or the Court of Appeals for the Second Circuit. We disagree. In our view, the procedure here followed was exactly in accord with the statutory prescription.

When a person is held in one district on criminal charges brought in another district, Fed.R.Crim.P. 40 and 18 U.S.C. § 3145(a) make provision for the division of authority between the two districts regarding the person's release or detention. Rule 40(a) specifies that the person shall be taken before the nearest available federal magistrate judge for preliminary proceedings. If an indictment or information has been filed, the person shall be "held to answer upon a finding that [he] is the

person named in the indictment [or] information." The person is to be "held to answer in the district court in which the prosecution is pending" upon the production of a certified copy of a warrant issued in that district.

The magistrate judge makes the initial determination whether the defendant should be detained or released, as provided in 18 U.S.C. § 3142. Rule 40(c) provides that regardless whether the defendant is "held or discharged, the papers in the proceeding and any bail taken shall be transmitted to the clerk of the district court in which the prosecution is pending." With respect to review of the magistrate judge's decision to detain or release the person, 18 U.S.C. § 3145(a) provides in pertinent part as follows:

> If a person is ordered released by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

El–Edwy does not dispute that § 3145(a) applies to the review of the magistrate judge's decision to release him. He acknowledges also that pursuant to § 3145(a), review of the magistrate judge's decision may be had in "the court having original jurisdiction over the offense." He argues that that phrase should be understood to refer to the district of his arrest— the district where the magistrate judge's initial bail determination was made.

■ We see no basis for such an interpretation. We recognize that § 3145(a) is imprecisely drafted in a manner capable of causing confusion if the section were read out of context. The phrase "the court having original jurisdiction over the offense" is technically a misnomer. The statute that most clearly addresses "original jurisdiction over" offenses is 18 U.S.C. § 3231, which provides that all the district courts have original jurisdiction over all offenses committed against the laws of the United States. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Thus, there is no single district that has original jurisdiction over an offense, to the exclusion of the other districts.

In colloquial terms, however, the court having "jurisdiction" of a particular criminal case generally refers to the court in which the prosecution is pending. "Original" jurisdiction lies in the court of first instance, as opposed to an appellate court. *See* 18 U.S.C. § 3231. It seems most likely that what Congress intended by the phrase "the court having original jurisdiction over the offense" in § 3145 was the district court having original jurisdiction over the particular prosecution of the offense—otherwise put, the district court in which the prosecution is pending.

This inference is all the more clear when § 3145 is considered in context, *i.e.*, in tandem with Rule 40. Rule 40 makes explicit what should in any event be clear in logic. When a person is arrested on the basis of charges pending against him in a different district, the orders of detention or conditional release entered by a magistrate judge in the district of arrest are designed to insure the person's appearance in the district where he is wanted—the district where the prosecution is pending.

That is the district that has the primary interest in securing his appearance. *See* Fed.R.Crim.P. 40(a) (the person is held "to answer [the charges] in the district court in which the prosecution is pending"), Fed. R.Crim.P. 40(c) ("[T]he papers in the proceeding and any bail taken [are] transmitted to the clerk of the district court in which the prosecution is pending.").

The initial proceeding is conducted before a magistrate judge of the district of arrest. This requirement is designed to ensure that there is either probable cause or an indictment or information to justify holding the person, that the person held is in fact "the person named in the [charges]," that there is a warrant from the district of prosecution commanding his arrest, and finally that the person receives the earliest opportunity to seek conditional release. *See* Fed.R.Crim.P. 40(a).

■ With respect to the decision whether to detain or conditionally release the defendant, however, section 3145(a) makes clear that the ultimate authority lies with the district that has the primary interest in the question—the district in which the prosecution is pending. That is the district court in which the defendant's detention or release will ultimately be determined when the defendant is eventually arraigned in that district. Section 3145(a) streamlines the process. It permits the court that will ultimately decide the question to adjudicate it in the first instance, without waiting for the defendant's ultimate appearance in the district. The district court of the district of prosecution is not required to rely on the judgment of a magistrate judge in another district as to whether the defendant can be trusted to appear under an order of release. Thus, if the magistrate judge

has ordered conditional release to ensure the defendant's appearance in the district where the prosecution is pending, and the government believes that the conditions of release imposed will not ensure the defendant's "appearance ... and the safety of any other person and the community," 18 U.S.C. § 3142(g), "the attorney for the Government may file, with the court having original jurisdiction over the offense [the district in which the prosecution of the offense is pending], a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). And conversely, if the defendant is dissatisfied with the conditions imposed by the magistrate judge in the district of arrest, the defendant also is empowered by § 3145(a) to file a motion "with the court having original jurisdiction over the offense" for amendment of the conditions.

In our view, common sense and the apparent meaning of the statutory formulation coincide. Of the three Circuits that have considered the question, two have agreed with our construction. *See United States v. Evans,* 62 F.3d 1233 (9th Cir. 1995); *United States v. Torres,* 86 F.3d 1029 (11th Cir.1996).[1] The only Circuit to have adopted El–Edwy's view did so in an unpublished opinion. *United States v. Johnson,* No. 96–4173, 1996 WL 711592 (6th Cir. Dec.10, 1996) (unpublished opinion).

In support of his construction that review of the magistrate judge's order lies only in the district court in which that magistrate judge sits, El–Edwy argues that it accords with the customary relationship between magistrate judges and district courts. Quoting from the dissent-

---

**1.** Two district court opinions in the Southern District of New York have taken the same position. *See United States v. Echeverri,* No. 93 MAG 2666, 1994 WL 48828 (S.D.N.Y. Feb.16, 1994); *United States v. Velasco,* 879 F.Supp. 377 (S.D.N.Y.1995).

ing opinion in *Evans,* he asserts it is "unlikely that Congress intended to vary the territorial hierarchy and place appellate review [of a magistrate judge's order] in a district court and court of appeals far removed from the place of the original decision." *Evans,* 62 F.3d at 1240 (Noonan, *J.,* dissenting). We disagree. It makes perfect sense, for the reasons discussed above, that Congress should vary the customary territorial hierarchy in such cases. Indeed, if Congress had wanted review to follow the customary pattern, there would have been no need for a special statute.

Second, again citing the dissent in *Evans,* El–Edwy argues that the review of the magistrate judge's decision in the district court in the district of arrest may, in some circumstances, ensure that the decision lies in a district court having better access to evidence of important factors that govern a bail determination under 18 U.S.C. § 3142(g), such as the defendant's family ties, employment, and community ties. But there is no assurance that the district of the defendant's arrest is the place where the defendant has established ties. By hypothesis in such cases, the defendant is wanted in a different district. While there will indeed be cases in which the defendant's ties are in the district where he is arrested, in other cases the defendant will be a fugitive whose only connection with the district of arrest is that he was arrested there in the course of flight. In contrast, in virtually all cases, the district of prosecution will have better access to other information that is pertinent to release or detention under § 3142(g), such as the nature and circumstances of the offense, and the weight of evidence against the defendant.

 We hold that, for purposes of 18 U.S.C. § 3145, "the court having original jurisdiction over the offense" means the court in the district in which the prosecution is pending, not the court in which the magistrate judge sits. Review of Magistrate Judge Fox's release order under § 3145(a) was properly sought in the Eastern District of North Carolina. In view of the fact that review of Magistrate Judge Fox's order was sought in the district of prosecution in the manner contemplated by § 3145(a),[2] Judge Ward properly refused to undertake review of the defendant's bail status.

### Conclusion

The order of the District Court for the Southern District of New York refusing to overturn the detention order of the District Court of the Eastern District of North Carolina is hereby affirmed.

---

**2.** We do not imply that, in the absence of a motion under § 3145(a) in the district of prosecution, the district court in the district of

arrest would lack jurisdiction to review the magistrate judge's order. That question is not before us. We therefore do not address it.