**UNITED STATES of America**

v.

**Harrison Jack HAVENS, JR., Defendant.**

**No. 07–M–1009.**

United States District Court, W.D. New York.

May 4, 2007.

Gregory L. Brown, U.S. Attorney's Office, Buffalo, NY, for United States of America.

Kimberly A. Schechter, Federal Public Defender Office, Buffalo, NY, for Defendant.

### · DECISION AND ORDER

McCARTHY, United States Magistrate Judge.

This Decision and Order attempts to reconcile what appears to be conflicting Second Circuit precedent concerning the authority of a magistrate judge in the district of arrest to conduct a detention hearing pursuant to 18 U.S.C. § 3142(f) prior to defendant's removal to the district of prosecution. For the reasons discussed herein, I conclude that I do have that authority.

### BACKGROUND

On April 4, 2007, a Grand Jury of the United States District Court for the Eastern District of Texas, Tyler Division, returned a five-count indictment charging defendant with the transportation and shipment of child pornography in violation of 18 U.S.C § 2252(a)(1), and with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). A warrant for his arrest was issued that same date. Defendant was arrested in this district, and an initial appearance pursuant to Fed. R.Crim.P. 5(c)(3) was held before me on April 11, 2007 (Dkt.# 1), at which time defendant waived his right to an identity hearing. In response to the Government's motion for detention pending his removal to the Eastern District of Texas, defendant requested a detention hearing before me pursuant to 18 U.S.C. § 3142(f). Neither

defendant nor the Government suggested that I lacked the authority to conduct such a hearing.

Following the detention hearing on April 13, 2007, I issued an Order of Detention on April 17, 2007 (Dkt.# 6). On April 18, 2007, defendant moved for reconsideration of that Order (Dkt.# 8), and the motion was scheduled for oral argument on April 19, 2007. By Text Order dated April 18, 2007 (Dkt.# 9), I asked the parties to address the impact (if any) of the Second Circuit's decision in *United States v. Melendez–Carrion*, 790 F.2d 984 (2d Cir.1986) on my authority to conduct a detention hearing in the first place.

## ANALYSIS

■ 18 U.S.C. § 3142(f) provides that where the Government moves for pretrial detention, a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance". While the language of the statute appears straightforward, in *Melendez–Carrion, supra*, the Second Circuit held that where a defendant is arrested in one district for prosecution in another, "the pertinent appearance for purposes of section 3142(f) is the first appearance before a judicial officer in the district of prosecution", and that

the defendant is "not entitled to a detention hearing prior to removal". 790 F.2d at 991, 992.[1] The court reasoned that "[t]here is no indication that Congress, in specifying that a detention hearing shall occur, absent continuances, upon the defendant's 'first appearance' before a judicial officer, considered the context of an arrest in a district other than the district of prosecution.... [I]t is highly unlikely that Congress would have wanted detention hearings to occur in districts scattered across the country". *Id.* at 990.

In reaching that determination, the Second Circuit expressly adopted the rationale of the Seventh Circuit in *United States v. Dominguez*, 783 F.2d 702, 704–5 (7th Cir.1986), which held that "[t]he 'first appearance' clause [of § 3142(f)] is not entirely unambiguous, referring as it does to 'the judicial officer' without expressly limiting its meaning to those acting at a particular stage of the proceedings.... It makes no sense to mandate in multi-district situations that these [pretrial detention] procedures be conducted in the district court with the lesser interest in the defendant and less complete knowledge of his case". 783 F.2d at 705.

Although *Melendez–Carrion* continues to be treated by a number of authorities as controlling precedent in the Second Circuit[2], its holding is difficult (if not impossi-

---

1. While holding that defendant had no right to a detention/release decision in the arresting district, the court noted that "consideration should be given to affording the defendant, arrested in his district of residence, an opportunity in that district promptly to present locally available evidence pertinent to the issue of pretrial release so that a transcript of such evidence can be prepared and furnished to the judicial officer *making the detention decision in the district of prosecution*". *Id.* at 990 (emphasis added).

2. *See, e.g.,* David Adair Jr., *The Bail Reform Act of 1984*, 13 (3d ed.2006) ("where defen-

dant is arrested outside the charging district, the detention hearing may be held at the first appearance following removal"); 9B *Federal Procedure, Lawyers Edition* § 22:1843 (2006) ("the pertinent appearance for purposes of 18 U.S.C.A. § 3142(f) is the first appearance before a judicial officer in the district of prosecution even when the defendant was arrested and made an appearance in another district"); 34 *Georgetown Law Journal Annual Review of Criminal Procedure* 6 (June 2005) ("in removal cases, the first appearance occurs in the district of prosecution"); Hon. John L. Weinberg, *Federal Bail and Detention Handbook* § 7.05(i) (2006).

ble) to reconcile with the Second Circuit's more recent decision in *United States v. El Edwy*, 272 F.3d 149 (2001), which failed to even mention *Melendez–Carrion*. In *El Edwy*, the Second Circuit held that the decision by a magistrate judge in the district of arrest (the Southern District of New York) to release the defendant pending removal to the district of prosecution (the Eastern District of North Carolina) should be reviewed by "the court in the district in which the prosecution is pending, not the court in which the magistrate judge sits". 272 F.3d at 154. However, nowhere in that opinion did the Second Circuit question the defendant's right to seek an initial detention hearing in the arresting district. Indeed, the court expressly stated that "the initial proceeding is conducted before a magistrate judge of the district of arrest. This requirement is designed to ensure that ... the person receives the earliest opportunity to seek conditional release". *Id.* at 153.

 It is settled law that "as a general rule, one panel of [the Second Circuit] cannot overrule a prior decision of another panel". *Union of Needletrades, Industrial and Textile Employees, AFL–CIO, CLC v. United States Immigration and Naturalization Service*, 336 F.3d 200, 210 (2d Cir. 2003). However, "an exception to this general rule arises where there has been an intervening Supreme Court decision that casts doubt on our controlling precedent. ... [F]or this exception to apply, the intervening decision need not address the precise issue already decided by our Court". *Id.* I believe that the decision of the United States Supreme Court in *United States v. Montalvo–Murillo*, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990) casts sufficient doubt upon the continuing viability of *Melendez–Carrion* for me to recognize *El Edwy* as the governing law in this circuit.[3]

In *Montalvo–Murillo*, the Supreme Court held that the Government's failure to seek pretrial detention at the defendant's first appearance, as required by § 3142(f), "does not defeat the Government's authority to seek detention of the person charged". 495 U.S. at 717, 110 S.Ct. at 2077. "Nothing in § 3142(f) indicates that compliance with the first appearance requirement is a precondition to holding the hearing or that failure to comply with the requirement renders such a hearing a nullity. ... A failure to comply with the first appearance requirement ... does not so subvert the procedural scheme of § 3142(f) as to invalidate the hearing." *Id.* at 717, 2077, 110 S.Ct. 2072.

However, the Court cautioned that in the determination as to pretrial release or detention, "a vital liberty interest is at stake. A prompt hearing is necessary ...". *Id.* at 716, 110 S.Ct. at 2077. The need for a "prompt hearing" raises serious doubt as to the continuing viability of *Melendez–Carrion's* holding that the defendant is not entitled to a detention hearing until he arrives in the district of prosecution at some unspecified future date.[4] As

---

**3.** Although the reconciliation of its conflicting opinions might better come from the Second Circuit itself, I am not foreclosed from making the attempt. See *Arway v. Mt. St. Mary's Hospital*, 227 B.R. 216, 220–21 (Bankr. W.D.N.Y.1998) (holding that a lower court is entitled to predict how the Second Circuit would reconcile its conflicting opinions in view of an intervening Supreme Court decision).

**4.** "The Marshal Service advises that it plans to move Mr. Havens to North East Ohio Correctional Center this Friday afternoon, where he will be held for further transportation to Oklahoma. He will then be held there for another transport to Texas. They are not able to state when he will arrive in Texas." (Dkt.# 8, p. 3, ¶ 5).

one commentator has noted, "[t]he process of transportation sometimes requires weeks. Many such defendants present little danger or risk of flight.... With due respect to the Second and Seventh Circuits, it is suggested that the same procedures and safeguards should govern bail hearings regardless whether the defendant was arrested on an out-of-district warrant or in a local case. If the government seeks detention, it should be required to move for it promptly.... The court in the district of arrest can then set conditions or order detention, as in any other case." Hon. John L. Weinberg, *Federal Bail and Detention Handbook* § 7.05(i) (2006).

Given the Supreme Court's holding in *Montalvo–Murillo* (decided four years after *Melendez–Carrion)* that the validity of a detention hearing is not dependent upon its occurrence at the defendant's "first appearance", coupled with its admonition that defendant is entitled to a "prompt hearing", I do not believe that *Melendez–Carrion's's* prohibition against the holding of a detention hearing in the district of arrest still applies in this Circuit.[5] I conclude instead that, if requested by the defendant, such a hearing may be held in the district of arrest, subject to the right of immediate appeal to the district of prosecution pursuant to 18 U.S.C. § 3145, as expressly recognized by the Second Circuit in *El Edwy, supra.*

### DEFENDANT'S MOTION FOR RECONSIDERATION

■ By letter dated April 16, 2007, which I did not receive until after I had issued my Order of Detention on April 17, 2007 (Dkt.# 6), AUSA Gregory Brown wrote to correct erroneous information which he had proffered during the deten-

tion hearing on April 13, namely that defendant was personally involved in the production of child pornography. Mr. Brown stated that he learned thereafter, based upon discussions with the AUSA who will prosecute this case in the Eastern District of Texas, that defendant did not himself produce pornographic images of children, but instead "merely 'copied' pre-existing images." (Dkt.# 7, p. 1). Defendant "asks that the Court reconsider its findings based on this new information". (Dkt.# 8, p. 3, ¶ 4).

In order to reopen a detention hearing based upon newly discovered information, I must find "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of whether pretrial detention is warranted. 18 U.S.C. § 3142(f). The possibility that defendant actually produced child pornography was but one of several factors which led me to conclude that pretrial detention was warranted, and its absence from the equation would not change my mind. Furthermore, the additional forms of security which defendant offered on April 19 ($2,500 cash from defendant's friend Ron Mach, two guitars having an estimated value of $5,000, the $5,000 cash bond from defendant's Texas bonding company, and the $15,000 equity in the home of defendant's friend Rita Class) do not adequately address the risk of flight and danger to the community which I have previously found to exist.

### *CONCLUSION*

Since the information proffered by defendant in support of his motion for reconsideration would not materially affect my

---

**5.** *But see United States v. Morris,* 00–MG–267, 2000 WL 1455244, at *6 (N.D.N.Y. September 21, 2000) ("it seems clear, based upon *Melen-* *dez–Carrion,* that the appropriate forum for the detention hearing to be held in this case is in the charging district, rather than here").

prior determination (Dkt.# 6), defendant's motion (Dkt.# 8) is DENIED.